IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50894
Conference Calendar

_____

JERRY WAYNE WIGFALL,

Plaintiff-Appellant,

versus

TIMOTHY B. KEITH, Senior Warden;
MARK DIAZ, Warden, Assistant Warden;
ROBERT CHANCE, Warden, Assistant Warden;
MICHAEL B. DAVIS, Major; JAMES HEYEN,
Physician Assistant; JOSEPH E. GILL,
Health Administrator; ROSE GONZALES,
Classification Chief; AIMEE HARTNETT,
Director of Nurses; THOMAS S. HINKLE,
Captain; GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; DAVID COLE;
BERNEY KESZLER, Doctor,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-98-CV-827-EP
--------------------
April 13,2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Jerry Wayne Wigfall, Texas prisoner #424471, has filed a
motion for leave to proceed in forma pauperis (IFP) on appeal
following the summary-judgment dismissal of his 42 U.S.C. § 1983
complaint. By moving for IFP status, Wigfall is challenging the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court's certification that IFP status should not be granted on appeal because his appeal presents no nonfrivolous issues and is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Wigfall avers that his work assignment was contraindicated by his medical condition and constituted cruel and unusual punishment in violation of the Eighth Amendment.  Wigfall has failed to show that he will present a nonfrivolous issue on appeal.  Accordingly, we uphold the district court's order certifying that the appeal presents no nonfrivolous issues.  Wigfall's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Wigfall is warned that if he accumulates three "strikes" pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.